[For collateral proceedings in this litigation, see note to Case No. 10,814.]

---

## Case No. 10,818.

### In re PATTERSON.

[1 N. B. R. 147;[1] Bankr. Reg. Supp. 32.]

District Court, S. D. New York. Oct. 30, 1867.

BANKRUPTCY — EXAMINATION OF BANKRUPT — OBJECTIONS TO QUESTIONS—WHO MAY OVERRULE.

Where questions were put to bankrupt on his examination touching the acquirement of certain moneys, to which bankrupt objected, and the register overruled his objection: *Held*, That the register had no power to decide on the validity of objections or on the admissibility of the questions.

[Cited in Re Graves, 24 Fed. 552.]

By JAMES F. DWIGHT, Register:

Facts: An order had been made for the examination of the bankrupt under oath, and he had attended before Mr. Register Ketchum, acting in the absence of, and at the request of Mr. Register Dwight, on the 15th, 16th, and 19th of October, and had been examined under oath. On the 19th of October the 48th interrogatory was (referring to a certain sum of money of $5,000 which the bankrupt had previously answered concerning): 48th Interrogatory. "Where is it?" Objected to by Mr. Sanford; allowed by the register, and Mr. Sanford excepted. Answer. "It has been mostly spent, used." 49th Interrogatory. "How much of it was spent?" Objected to as before, and because it is an inquiry about property which the bankrupt has acquired since the commencement of these proceedings. Pending decision by the register, by agreement the hearing was adjourned to October 24th, at 10 o'clock. On the 24th, as by adjournment, appeared Mr. Sanford, attorney for the bankrupt, and Mr.

[1] [Reprinted from 1 N. B. R. 147, by permission.]

Robert Benedict, attorney for the creditors, Tupper & Beattie; and Mr. Sanford, for the bankrupt, who does not appear, presents and files the following written objection to interrogatories proposed on the 19th nunc pro tunc: "In the Matter of Charles G. Patterson, a Bankrupt. Upon examination of bankrupt before Mr. Register Dwight, upon motion made under 26th section of the act [of 1867 (14 Stat. 529)]. To the 48th and 49th questions proposed to the bankrupt, he objects, through B. Sanford, one of his attorneys, for that in matter of law the examining creditors had no right to inquire of the bankrupt as to any property in his possession and acquired after the commencement of the proceedings in bankruptcy under which the examination is had, or if they have any right, the same has been exhausted under the preceding interrogatories answered by the bankrupt. B. Sanford, Attorney for Bankrupt,"—and requested the register to adjourn the question into court as an issue of law to be decided by the judge under section 4 of the act. And the register declined to adjourn the question into court, inasmuch as the court has directed in the Case of Levy, Bankrupt, that the examination of bankrupts shall proceed without delay till the same be finished. And the register overrules the objection raised, without argument, and allows the questions.

And Mr. Benedict requests the register to certify to the judge for his opinion, under the 6th section of the act, the following question: "I request the register to certify to the judge the question whether the objection raised by the counsel for the bankrupt to 48th and 49th questions are valid, or whether the register was correct in admitting those questions. R. L. Benedict, of Counsel for Creditors. October 24, 1867,"—which request is hereby granted, and the above facts and questions are submitted to the decision of his honor the judge.

In my opinion the creditor has the right to ask, and the bankrupt must answer the 48th and 49th questions, for the 26th section of the act, by its general terms, clearly means, I think, to allow the fullest examination of the bankrupt. And furthermore, it is my opinion that the direction of the court in the Case of Levy, covers all such examinations as this; and that objections to questions do not raise such points or issues of law as to entitle the register to adjourn the case into court under the 4th section. If any objection raised to a question should be considered an issue of law, justifying an adjournment under the 4th section, examinations might be prolonged interminably and the real object of the same defeated.

BLATCHFORD, District Judge. It is impossible in the foregoing statement to determine whether the objections raised by the counsel for the bankrupt to the 48th and 49th questions are valid, or whether the register was correct in admitting those questions, for the reason that it does not appear whether the $5,000 inquired about was in fact property acquired by the bankrupt after the commencement of the proceedings. The register, however, would not in any event have power to decide on the validity of the objections or on the admissibility of the questions. See decisions of this date in Case of Levy [Case No. 8,296], and in Case of Charles G. Patterson [Id. 10,815].

The clerk will certify this decision to the register, James F. Dwight, Esq.

[For collateral proceedings in this litigation, see note to Case No. 10,814.]